THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

NEWPORT                                          SUPERIOR COURT

DENNIS SZAFIR            :
    *Plaintiff*            :            C.A. No. NC-2016-
    vs.            :
                :
MATHEW DAGUANNO, individually,            :
personally, and in his capacity as a police
officer; JACK CLARKE, individually,
personally, and in his capacity as a police
officer; THOMAS LEE, personally and
in official capacity as Chief of Police; and
THE TOWN OF PORTSMOUTH
    *Defendants*

## COMPLAINT

COMES NOW Plaintiff DENNIS SZAFIR, by and through counsel, with this verified Complaint for damages and other relief against Defendants, and declares and alleges as follows:

## JURISDICTION

1. That this matter has been properly brought before this Honorable Court, as this action arises under the laws of Rhode Island and the Constitution and laws of the United States, including Article III, Section 1 of the U.S. Constitution brought in accordance with 42 U.S.C. 1983;

2. That this court has the jurisdiction in accordance with *Lammar Corp v Rendine* 1993, 811 F.Supp 47, and *Felder v. Casey,* 487 U.S. 131, 138-142, 108 S.Ct. 2302, 2306-2309, 101 L.Ed.2d 123 (1988) where the Court determined that a state *"notice-of-claim"* statute was inapplicable to § 1983 actions brought in state or federal court; based on the principle that § 1983 claimants need not exhaust state judicial or administrative remedies before instituting their suit in either state or federal court; and

3. That the prayer for relief includes damages in excess of the statutory monetary threshold of $10,000.

## PARTIES

4. That at all times relevant hereto, Plaintiff was a resident of the State of Rhode Island and a citizen of the United States of America;

1

5. That at all times relevant hereto, Defendant DAGUANNO was a citizen of the United States and acting under color of state law in his capacity as a law enforcement officer employed by the Defendant Town of Portsmouth, Rhode Island and/or of the Portsmouth Police Department ("PPD"); and that Defendant DAGUANNO is being sued individually and in his capacity as a police officer;

6. That at all times relevant hereto, Defendant CLARKE was a citizen of the United States and acting under color of state law in his capacity as a law enforcement officer employed by the Defendant Town of Portsmouth, Rhode Island and/or of PPD; and that Defendant CLARKE is sued individually and in his capacity as a police officer;

7. That Defendant TOWN OF PORTSMOUTH (the "TOWN") is a Rhode Island municipal corporation and is the legal entity responsible for itself and for the PPD; and that this Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. § 1983;

8. That at all times relevant hereto, Defendant LEE, was a citizen of the United States and a resident of the State of Rhode Island, and that Defendant LEE is being sued individually and in his official capacity as the Chief of the PPD, employed by the Defendant TOWN and/or the PPD, and was acting under color of state law -

    a) That as the Chief of the PPD, Defendant LEE both exercised and delegated his municipal final decision making power, in cooperation with the Internal Affairs Bureau (or its functional equivalent) and others;

    b) That on information and belief, Defendant LEE also trained and supervised individual Defendant officers;

9. That Defendant TOWN and Defendant LEE are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries; and

10. That Defendant TOWN is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant LEE in his official capacity as the Chief of the PPD, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices;

11. That Plaintiff is unaware of the specific legal names of Defendants, and therefore sues Defendants in accordance with the names on record and as cited above;

12. That Plaintiff will amend this complaint, as and when such name/s is/are ascertained and/or as is otherwise necessary or advantageous to do so; and

13. That Plaintiff is informed and believes, and thereon alleges, that, at all relevant times herein mentioned, all persons who were involved in dealings with Plaintiff, or were otherwise involved in the interaction with Plaintiff, whether referred to herein or otherwise, who were acting on behalf of others, whether individual or government agencies, were at all times acting within the purpose and scope of their employment or agency.

## FACTUAL ALLEGATIONS

14. That on 14 December 2013 the PPD was allegedly called to Anthony House on 51 Middle Road, Portsmouth, RI 02871, to investigate a noise complaint from a resident on the first floor of the complex;

15. That Plaintiff was, at that time, and remains, a resident of Anthony House, occupying Room 213 on the second floor;

16. That there was no disturbance whatsoever in the apartment of the Plaintiff, whether noise-based or other, in or emanating therefrom, and no disturbance that may have been attributed to the Plaintiff;

17. That Plaintiff was not aware of any unusual noise or other disturbance on the second floor;

18. That at the time of the arrival of the PPD officers - Plaintiff was visiting a neighbor across the hall in Room 209, for the purposes of consoling a friend who had lost a spouse;

19. That there was no noise or disturbance of any kind in, or emanating from, Room 209, while Plaintiff was present therein, but for the sobbing of the aggrieved spouse;

20. That on returning to his room across the hall [a distance of some 5-6 feet], Plaintiff observed a number of people in the hallway socializing, but did not stop;

21. That Plaintiff entered his apartment, lit a cigarette, poured himself a cup of coffee, and resumed his conversation with Lloyd Farr (LF), a friend and former resident of Anthony House, who was visiting with Plaintiff that evening;

22. That some 3-5 minutes after Plaintiff re-entered his apartment – Defendant DAGUANNO (Officer D) and Defendant CLARKE (Officer C) knocked on the door and then entered without notice or invitation – much to the surprise and disturbance of Plaintiff;

23. That Plaintiff asked Officer D why he had come in, and what he wanted;

24. That Officer D replied "so what's going on? you having a party here? where are the strippers..."; or words to that effect;

25. That Plaintiff and LF were taken aback by this, as they had been having a quiet drink and a chat over dinner;

26. That Plaintiff expressed his outrage in some rather colorful language when Officer D did not provide a reasonable explanation for the unwelcomed and unjustified entry into his room;

3

27. That Plaintiff was advised by LF to keep quiet, for fear that he would further upset Officer D, who was clearly very angry with the Plaintiff;

28. That Officer D then demanded that Plaintiff produce some form of identification;

29. That Plaintiff told Officer D that this would take a minute, as this was in the next room, and he had a bad back, a herniated disk, arthritis and crippled feet;

30. That Officer D responded to this declaration by ridiculing Plaintiff, i.e. stating that Plaintiff 'looked like he was moving pretty good' or words to that effect;

31. That following the return of Plaintiff to the kitchen with his identification, as ordered:

    a. Officer D instructed Plaintiff to take a position whereby he was leaning on the kitchen countertop with his legs spread and extended backwards;

    b. Officer D took the legs out from under Plaintiff, causing him to hit the countertop face first – smashing his teeth to bits and nearly knocking him out, before being driven to the floor by the officer;

    c. Officer D then pinned Plaintiff to the floor while handcuffing him;

    d. Officer D then picked the Plaintiff up by the handcuffs, which were fastened behind his back;

    e. Officer D then escorted the Plaintiff out of the building, and roughly threw him in the patrol car;

32. That Plaintiff was given a terrific beating by a man more than twice his size – and for no understandable or justifiable reason;

33. That Plaintiff suffered substantial injuries as a result of the conduct of Officer D, and the failure of Officer C to intervene or otherwise prevent Officer D from beating the Plaintiff;

34. That LF witnessed the entire incident in the apartment;

35. That LF was so shocked by the behavior witnessed, that he was near paralyzed by fear, concern and confusion;

36. That at the time of the incident, Plaintiff was 65 years old, weighed 110 pounds, and neither made nor posed any threat whatsoever to the officers or to the exercise which they were engaged in following the call to Anthony House;

37. That Officer D outweighed the Plaintiff by almost 100 pounds at the time of the incident;

38. That Plaintiff was charged with Disorderly Conduct – Offensive Words in a Public Place, notwithstanding that the bad words used by Plaintiff:

4

    a. were not used in public, but in his apartment, and directed at the exercise and Officer D for his improper entry and behavior; and

    b. were otherwise not words which were 'likely to provoke a violent reaction';

39. That the following reports which appeared in the daily news on the day following the incident, presumably taken from the police report - were erroneous, i.e.

    a. That officers responded to a noise complaint coming from the apartment of the Plaintiff;

    b. That Plaintiff was found 'walking down the hallway', and, 'immediately' (in the hallway) began... 'yelling profanity at the police officers'; and

    c. That Plaintiff was placed into handcuffs, at that time, (i.e. in the hallway) and at which time he struggled;

40. That the 'yelling' and vulgarity of the Plaintiff was confined to the apartment of the Plaintiff – as was the beating he took;

41. That Plaintiff was also charged with Resisting Arrest, notwithstanding that he was suddenly and completely overwhelmed by Officer D, and was therefore completely incapable of doing any more than voicing his disbelief and anger when knocked down, abused and cuffed;

42. That Plaintiff was held overnight, and denied the medical attention he needed, and requested several times through the night, i.e. prescribed medication for his various ailments;

43. That on observation of the badly bruised body of Plaintiff, and the apparent injuries sustained, following the arrest and overnight incarceration, the sister of the Plaintiff (VV), went to the station to find out why her brother had been beaten;

44. That Plaintiff subsequently pled to the charges, on the advice of former counsel – to avoid further stress, which resulted in the dismissal of one charge and a 1-year filing on the other;

45. That the incident and arrest caused the preexisting problems and ailments of the Plaintiff to be exacerbated; and otherwise caused him a raft of new injuries, some of which would appear to be irreparable;

46. That Plaintiff suffered the following as a result of the conduct of the PPD:

    a. Broken Teeth

    b.  Concussion, which led to vertigo and other problems

    c.  Exacerbation of back and disk problems

    d.  Severe bruising about the head and body

47. That the incident and arrest has also completely altered the lifestyle of the Plaintiff, as he is now nearly immobile and is in dire need of assistance for the most routine of daily activities; it is also the case that he has become, in effect, a recluse;

48. That as a result of the incident, Plaintiff is effectively couch-bound, as he –

    a.  Has trouble simply getting up to answer the door;

    b.  Can no longer get to the bathroom to relieve himself without considerable pain, and so limits his visits; and

    c.  Can no longer walk for more than 1-2 minutes without assistance, and so does not go out of his building, or the apartment for that matter; and

49. That in addition to the physical problems suffered by Plaintiff, he has developed a raft of what appear to be phobias, and so spends his days on the couch, in an apartment with the lights off – living in a cocoon he is apparently afraid to leave.

## CLAIMS FOR RELIEF

50. That Plaintiff hereby incorporates all previous paragraphs of this Complaint as though fully set forth in the following Counts:

### COUNT 1

### ASSAULT

### (Defendant Daguanno)

51. That Defendant DAGUANNO assaulted Plaintiff, in that -

    a.  Defendant intentionally took action which threatened Plaintiff with harmful and offensive contact;

    b.  Defendant created a reasonable apprehension of harmful or offensive contact in another; and

    c.  Defendant had the apparent ability to cause the harmful and offensive contact threatened;

52. That Defendant unlawfully, intentionally and deliberately took action, without qualification of any kind – which created the reasonable apprehension in the Plaintiff of receiving an immediate battery;

53. That the actions taken by Defendant were in no way justifiable or otherwise excusable;

54. That Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment and humiliation as a result of the intentional and aggressive behavior of Defendant; and

55. That as a direct and proximate result of Defendant's intentional actions, Plaintiff has suffered general and special damages in an amount to be determined at trial.

## COUNT 2

### BATTERY

### (Defendant Daguanno)

56. That Defendant DAGUANNO battered the Plaintiff, in that -

    a. Defendant intentionally made unlawful contact with the Plaintiff;

    b. Defendant made contact with another in a harmful or offensive manner; and

    c. Defendant made such contact without consent or other justification;

57. That Defendant unlawfully, intentionally and deliberately – and with malice, battered Plaintiff and knocked him concussed;

58. That the physical harm suffered by the Plaintiff has required substantial medical attention, which was ongoing at the time of the filing of this Complaint;

59. That the actions taken by Defendant were in no way justified or otherwise excusable;

60. That Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation as a result of the intentional and aggressive behavior of Defendant; and

61. That as a direct and proximate result of Defendant's intentional actions, Plaintiff has suffered general and special damages in an amount to be determined at trial.

## COUNT 3

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Defendant Daguanno)**

62. That Defendant DAGUANNO intentional caused the Plaintiff emotional distress, in that -

    a. The conduct was intentional or otherwise taken in reckless disregard of the probability of causing emotional distress;

    b. The conduct was extreme and outrageous;

    c. The wrongful conduct is causally connected to the emotional distress; and

    d. The emotional distress in question is severe;

63. That Defendant's conduct was *"so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community"* (*Swerdlick v. Koch*, 721 A.2d 849, 862, (R.I. 1998) quoting *Champlin v. Washington Trust Co. of Westerly*, 478 A.2d 985, 988-89 (R.I. 1984));

64. That the extreme and outrageous nature of the conduct was such that the likelihood of its material impact on the mental and emotional well-being of Plaintiff would have to have been seen as a certainty;

65. That Defendant intentionally and deliberately inflicted emotional distress on Plaintiff by brutalizing and terrorizing Plaintiff – and then compounding those wrongs by ridiculing the Plaintiff in the process of the attack;

66. That the actions taken by Defendant were in no way justifiable or otherwise excusable;

67. That Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation; and

68. That as a direct and proximate result of Defendant's intentional actions, Plaintiff has suffered general and special damages in an amount to be determined at trial.


## COUNT 4

## NELIGENCE

**(Defendant Daguanno)**

69. That Defendant DAGUANNO, at all relevant times, owed a duty of reasonable care to Plaintiff;

70. That Defendant breached the duty of care by failing to meet the appropriate standard of care with respect to his interaction with the Plaintiff;

71. That the actions taken by Defendant were in no way justifiable or otherwise excusable;

72. That as a direct and proximate result of the unreasonable behavior of Defendant, Plaintiff has suffered measureable general and special damages in an amount to be determined at trial; and

73. That as a direct and proximate result of Defendant's unreasonable behavior, Plaintiff has suffered general and special damages in an amount to be determined at trial.

## COUNT 5

### Excessive Force in Violation of Fourth and Fourteenth Amendments
### 42 U.S.C. § 1983

### (Defendant Policemen and Chief of PPD)

74. That Plaintiff is entitled to relief in accordance with 42 U.S.C. § 1983, which provides that:

*Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .*

75. That Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983;

76. That the individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as police officers and their acts or omissions were conducted within the scope of their official duties or employment;

77. That at the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force;

78. That Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement;

79. That any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time;

9

80. That Defendants actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff;

81. That Defendants actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights;

82. That the force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff;

83. That Defendants unlawfully seized Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Plaintiff of his freedom;

84. That the force used constituted deadly force in that it could have caused death and did cause serious bodily injury;

85. That neither of the Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive, despite being in a position to do so;

86. That the Defendant officers are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer;

87. That Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights;

88. That the Defendant officers did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries;

89. That the acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries;

90. That the individual Defendants acted in concert and joint action with each other;

91. That the acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages; individual Defendants are not entitled to qualified immunity for the complained of conduct;

10

92. That the Defendants to this claim at all times relevant hereto were acting pursuant to municipal, county, custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff;

93. That as a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial;

94. That as a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial;

95. That on information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained -- due to the nature of his injuries, in amounts to be ascertained in trial.

96. That Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law; and that there may also be special damages; and

97. That in addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### COUNT 6

**Discrimination in Violation of the Equal Protection Clause of the
Fourteenth Amendment and 42 U.S.C. § 1981
42 U.S.C. § 1983**

**(Defendant Policemen and Chief of PPD)**

98. That Plaintiff is entitled to relief in accordance with 42 U.S.C. § 1983, which provides that:

*Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,*

Case Number: NC-2016-0472
Filed in Newport County Superior Court
Submitted: 12/13/2016 4:16:43 PM
Envelope: 860679
Reviewer: Patricia DelBrocco

*privileges or immunities secured by the constitution and law shall be liable to the party injured
in an action at law, suit in equity, or other appropriate proceeding for redress . . .*

99. That Plaintiff in this action is a citizen of the United States and all of the individual police
officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983;

100. That the individual Defendants to this claim, at all times relevant hereto, were
acting under the color of state law in their capacity as police officers and their acts or
omissions were conducted within the scope of their official duties or employment;

101. That at the time of the complained of events, Plaintiff had the clearly established
constitutional right to be free from discrimination in law enforcement by police officers
and to enjoy the equal protection of the laws;

102. That Title 42 U.S.C. § 1981("Section 1981") provides, in pertinent part:

*All persons within the jurisdiction of the United States shall have the same right in every
State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the
full and equal benefit of all laws and proceedings for the security of persons and property as is
enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes,
licenses, and exactions of every kind, and to no other.*

103. That Plaintiff, as member of a protected class, and thus also had the clearly
established statutory right under this provision to be free from class motivated beatings,
arrests, searches, and the filing of false charges;

104. That any reasonable police officer knew or should have known of these rights at
the time of the complained of conduct as they were clearly established at that time;

105. That Plaintiff's profile was a motivating factor in the decisions to use excessive
force and then maliciously prosecute Plaintiff with false charges.

106. That Defendants' conduct was undertaken with the purpose of depriving Plaintiff
of the equal protection and benefits of the law, equal privileges and immunities under the
law, and due process in violation of the Fourteenth Amendment and §1981;

107. That Defendants engaged in the conduct described by this Complaint willfully,
maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected
rights;

108. That the acts or omissions of all individual Defendants were moving forces
behind Plaintiff's injuries;

12

109.    That individual Defendants acted in concert and joint action with each other;

110.    That the acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages;

111.    That Defendants are not entitled to qualified immunity for the complained of conduct;

112.    That Defendants to this claim at all times relevant hereto were acting pursuant to municipal, county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff;

113.    That as a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial;

114.    That as a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial;

115.    That on information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial;

116.    That Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests; and

117.    That in addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## COUNT 7

**Retaliation in Violation of the First Amendment
42 U.S.C. § 1983**

**(Defendant Policemen and Chief of PPD)**

13

118.     That Plaintiff is entitled to relief in accordance with 42 U.S.C. § 1983, which provides that:

*Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .*

119.     That Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983;

120.     That the individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as police officers and their acts or omissions were conducted within the scope of their official duties or employment;

121.     That at the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from retaliation for the exercise of protected speech;

122.     That any reasonable police officer knew or should have known of this right at the time of the complained of conduct as it was clearly established at that time;

123.     That Plaintiff exercised his constitutionally protected right to question law enforcement and/or engaged in protected speech related to the constitutional rights of citizens with respect to searches of their property by the police and objectionable police conduct;

124.     That retaliatory animus for Plaintiff's exercise of his constitutionally protected right to question police officers regarding the scope of their legal authority to search his trunk was a substantially motivating factor in the excessive force used by individual Defendants;

125.     That the excessive force used against Plaintiff in retaliation for his protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct;

126.     That the Defendant officers participated in this use of force as a means of retaliation for his protected speech and none of the Defendant officers took reasonable steps to protect Plaintiff from this retaliation for the protected speech; and that they are

14

each therefore liable for the injuries and damages resulting from the objectively
unreasonable and conscience shocking force of each other officer;

127.     That Defendants engaged in the conduct described by this Complaint willfully,
maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected
constitutional rights;

128.     That the acts or omissions of all individual Defendants were moving forces
behind Plaintiff's injuries;

129.     That individual Defendants acted in concert and joint action with each other;

130.     That the acts or omissions of Defendants as described herein intentionally
deprived Plaintiff of his constitutional and statutory rights and caused him other damages;

131.     That Defendants are not entitled to qualified immunity for the complained of
conduct;

132.     That Defendants to this claim at all times relevant hereto were acting pursuant to
municipal/county custom, policy, decision, ordinance, regulation, widespread habit,
usage, or practice in their actions pertaining to Plaintiff;

133.     That as a proximate result of Defendants' unlawful conduct, Plaintiff has suffered
actual physical and emotional injuries, and other damages and losses as described herein
entitling him to compensatory and special damages, in amounts to be determined at trial;

134.     That as a further result of the Defendants' unlawful conduct, Plaintiff has incurred
special damages, including medically related expenses and may continue to incur further
medically and other special damages related expenses, in amounts to be established at
trial;

135.     That on information and belief, Plaintiff may suffer lost future earnings and
impaired earnings capacities from the not yet fully ascertained sequelae of his closed
head injury, in amounts to be ascertained in trial;

136.     That Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C.
§1988, pre-judgment interest and costs as allowable by federal law; and that there may
also be special damages for lien interests; and

137.     That in addition to compensatory, economic, consequential and special damages,
Plaintiff is entitled to punitive damages against each of the individually named
Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual

Case Number: NC-2016-0472
Filed in Newport County Superior Court
Submitted: 12/13/2016 4:16:43 PM
Envelope: 860679
Reviewer: Patricia DelBrocco

Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## COUNT 8

**Malicious Prosecution in violation of Fourth & Fourteenth Amendments
42 U.S.C. § 1983**

**(Defendant Policemen and Chief of PPD)**

138.     That Plaintiff is entitled to relief in accordance with 42 U.S.C. § 1983, which provides that:

*Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .*

139.     That Plaintiff in this action is a citizen of the United States and the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983;

140.     That the individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as police officers and their acts or omissions were conducted within the scope of their official duties or employment;

141.     That at the time of the events as herein described, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment;

142.     That any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time;

143.     That the individual Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in his unlawful confinement and prosecution;

144.     That the individual Defendants conspired and/or acted in concert to institute, procure and continue a criminal proceeding for disorderly conduct and resisting arrest, without sufficient cause;

16

145.     That Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights;

146.     That the procurement of prosecution against Plaintiff for the known to be false allegations of disorderly conduct and resisting arrest, in the light of all the circumstances;

147.     That those criminal proceedings terminated in Plaintiff's favor;

148.     That the acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries;

149.     That the individual Defendants acted in concert and joint action with each other;

150.     That the acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages;

151.     That Defendants are not entitled to qualified immunity for the complained of conduct;

152.     That Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff;

153.     That as a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial;

154.     That as a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial;

155.     That on information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial;

156.     That Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law; and that there may also be special damages for lien interests; and

157.     That in addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual

Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## COUNT 9

### Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981
### 42 U.S.C. § 1983

### (Defendant Town and Chief of PPD)

158.    That Plaintiff is entitled to relief in accordance with 42 U.S.C. § 1983, which provides that:

> *Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .*

159.    That Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983;

160.    That Defendants LEE and TOWN were at all times relevant hereto acting under the color of state law;

161.    That Plaintiff had the following clearly established rights at the time of the complained of conduct, to wit, the:

a. Right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

b. Right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

c. Right to exercise his constitutional rights of free speech under the First Amendment without retaliation;

d. Right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and

e. Right to be free from malicious prosecution in accordance with the Fourth and Fourteenth Amendments;

162.     That Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time;

163.     That the acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages;

164.     That the acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages;

165.     That Defendants are not entitled to qualified immunity for the complained of conduct;

166.     That Defendants were, at all times relevant, policymakers for the Town of Portsmouth and the PPD, and in that capacity established policies, procedures, customs, and/or practices for the same;

167.     That these Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives;

168.     That Defendants have created an atmosphere of tolerance for the type of improper behavior detailed in this Complaint through the development of standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or have failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public;

169.     That in light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights;

170.     That the deliberately indifferent training and supervision provided by Defendants resulted from a conscious or deliberate choice to follow a course of action from among

19

various alternatives available to Defendants and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff;

171.     That as a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial;

172.     That as a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial;

173.     That on information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial;

174.     That Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law; and that there may also be special damages; and

175.     That Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the Internal Affairs Bureau of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

**WHEREFORE,** Plaintiff requests a TRIAL BY JURY, and prays this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

1. Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;
2. Economic losses on all claims allowed by law;
3. Special damages in an amount to be determined at trial;
4. Punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;
5. Attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;
6. Interest at the lawful rate; and

7. Further relief as the Court deems just and proper, and any other relief at law and equity as may be appropriate.

Respectfully submitted

Peter Tashjian
1745 Main Road
Tiverton, RI 02878
401-4701-47833
tashjianlegal@cox.net

## VERIFICATION

I, DENNIS SZAFIR, being duly sworn, depose and declare that I am the Plaintiff in the above-entitled action; and that I have read the foregoing Complaint and know the contents thereof, and that said contents are true to the best of my knowledge.

DENNIS SZAFIR

## ACKNOWLEDGEMENT

Subscribed and sworn to before me on this 15th day of Decem 2016, in the Town of Portsmouth County of New Port, in the State of Rhode Island.

NOTARY

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that, on 18/13/16, I filed this document through the electronic filing system; that this document was emailed to counsel of the Town of Portsmouth Attorney Kevin Gavin by email at kpgavin@aol.com and certified mail at 31 Harrington Ave, Portsmouth, RI 02871; that a copy was hand delivered to the Town Clerk; and that the document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

Peter Tashjian

21